*424 MEMORANDUM **
Peter Mungai Ngure, a native and citizen of Kenya, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995), and we deny in part and dismiss in part the petition for review.
Substantial evidence supports the BIA’s finding that even if credible, the arrests and threats Ngure experienced did not rise to the level of persecution. See id. at 339-40. Substantial evidence also supports the BIA’s finding that Ngure’s fear of future persecution was not objectively reasonable based on changed country conditions in Kenya. See Gonzalez-Hernandez v. Ashcroft, 336 F.3d 995, 999-1000 (9th Cir.2003).
We lack jurisdiction to review Ngure’s contention that he established a pattern or practice of persecution against similarly-situated individuals in Kenya because he failed to exhaust the issue before the BIA. See Barron v. Ashcroft, 358 F.3d 674, 677 (9th Cir.2004).
Because Ngure did not establish asylum eligibility, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir.2006).
Finally, substantial evidence supports the BIA’s denial of CAT relief because Ngure failed to show it is more likely than not that he will be tortured if returned to Kenya. See Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir.2006).
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.